IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DIETRICK LEWIS JOHNSON, SR. #19831078 §
§
VS. § CIVIL ACTION NO. 4:17cv27
§
RAFAEL DE LA GAZA, II, AND §
DE LA GAZA LAW FIRM, P.C. §

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Dietrick Lewis Johnson, Sr., a federal prisoner imprisoned at the Federal Corrections Complex in Beaumont, Texas, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. On February 3, 2017, United States Magistrate Judge Kimberly C. Priest Johnson issued a Report and Recommendation, recommending the case be dismissed with prejudice. On February 15, 2017, however, Plaintiff filed a notice to voluntarily dismiss the case (Dkt. #6). In his notice, Plaintiff states he has suffered medical complications and his facility has been on lock-down since February 9, 2017. Plaintiff does not believe he can adequately prosecute his case at this time.

Voluntary dismissals by a plaintiff are governed by Federal Rule of Civil Procedure 41(a)(1)(A) that provides, in pertinent part, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice…states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required. *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated;

1

the court has no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976); *In re Amerijet Int'l, Inc.,* 785 F.3d at 973; *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (plaintiff has absolute right to dismiss his complaint under Rule 41(a) prior to the filing of an answer or motion for summary judgment); *Ragsdale v. Classroom Teachers of Dallas, et. al.,* 2006 WL 3392192 (N.D. Tex. Nov. 15, 2006).

Further, the right to dismiss under Rule 41(a)(1)(A)(i) is not extinguished by the reference of an action to a Magistrate Judge, even when the Magistrate Judge has previously recommended dismissal of the case at the time a plaintiff seeks to voluntarily dismiss. *See Foss v. Federal Int'l Credit Bank of St. Paul,* 808 F.2d 657 (8th Cir. 1986) (notice of dismissal effective even though Magistrate Judge issued a recommendation that the complaint lacked merit and should be dismissed); *Cooney v. William Robinson Dairy, Inc.,* 744 F. Supp. 841 (N.D. Ill. 1990) (permitting voluntary dismissal without prejudice although Magistrate Judge had already recommended a dismissal on the merits); *Matthews v. City of Tyler, Texas, et. al.,* 2016 WL 633943 (E.D. Tex. February 17, 2016) (finding request for voluntary dismissal should be granted even where Magistrate Judge has previously issued a report recommending dismissal); *Goodman v. Nationstar Mortgage, LLC,* 2015 WL 845724 (M.D. Tenn. Feb. 26, 2015) (finding right to dismiss not extinguished by Magistrate Judge's recommendation to dismiss on merits); *Cribbs v. Case,* 2012 WL 4356776 (W.D. Mich. Sept. 24, 2012) (declining to consider Magistrate Judge's recommendation to dismiss on merits where notice of voluntary dismissal filed).

In the present case, Defendants have not filed an answer or a motion for summary judgment; thus, Plaintiff is entitled to the voluntary dismissal of the lawsuit without prejudice. Plaintiff's suit was dismissed the moment the notice (Dkt. #6) was filed with the clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.,* 785 F.3d at 973. Accordingly, even though Plaintiff later filed objections (Dkt. #8) to the report of the Magistrate Judge, the Report and Recommendation is now moot as are any objections filed, and Plaintiff's dismissal of this action without prejudice is effective.

It is **ORDERED** Plaintiff's notice of dismissal (Dkt. #6) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). All motions by any party not previously ruled upon are **DENIED**.

**SIGNED this 12th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE